## De Renzo's Petition

*J. Banks Kurtz*, for petitioner.

PATTERSON, P. J., June 22, 1942.—This is a proceeding for change of name under the Act of Assembly of April 18, 1923, P. L. 75.

John Antonio DeRenzo filed his petition February 24, 1942, setting forth, inter alia:

"That his name, since the declaration of war between America and the Italian Government, subjects him occasionally to criticism.

"That he desires, therefore, to have his name changed from John Antonio DeRenzo to John DeRenzo Marshall, Marshall being the maiden name of the mother of your petitioner."

On the day fixed for hearing, proof of notice, as re-

quired by the law, was filed. Objection was made at the hearing on the ground, among other things, that the said applicant failed to furnish a certificate of official searches of the proper offices of the County of Blair that there were no judgments or decrees of record against petitioner. Petitioner then moved the court to continue the hearing until June 4, 1942, at which times certificates of official searches of the proper offices of the county were submitted. One of the certificates dated June 3, 1942, contained a record of seven judgments against petitioner.

Objection was also made that petitioner had stated that "Marshall being the maiden name of the mother of your petitioner", whereas in fact a record of petitioner's application for marriage license filed in the office of the clerk of the orphans' court in 1923 sets forth that petitioner's mother's maiden name was "Marie Masulla". Petitioner answered this objection by explaining that the English translation of the word "Masulla" is "Marshall". His testimony on this subject, however, was not convincing. It is generally known that proper names are not subject to translation, but are spelled the same internationally.

The act provides that the applicant must file a certificate of "official searches" of the proper offices showing "no judgments or decrees of record or any other matter of like character against said petitioner". In this case it has been shown by a certificate that there are judgments, and it was admitted by petitioner that a scire facias to revive one of the judgments included in the certificate has been regularly issued and is now pending in the court. These are lawful objections. Therefore the petition must fail.

Further, the court is not convinced that the fact that petitioner's name, since the declaration of war between the American and Italian Governments, subjects him occasionally to criticism, is a sound reason for change of name.

### Decree

Now, June 22, 1942, the petition is dismissed at the cost of petitioner.